**WHITT, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5945. Decided October 28, 1958.

Schwenker, Teaford, Brothers & Solsberry, L. Bernell Solsberry, of Counsel, Columbus, for plaintiff-appellee.

William B. Saxbe, Atty. Genl., Leo Stark, Asst. Atty. Genl., Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

The record in this case reveals that on July 7, 1953, the plaintiff made application to the Industrial Commission for compensation, alleging an injury on June 22, 1953. Administrative proceedings were had, including a rehearing, at which time a rehearing record was made and compensation was denied to the plaintiff for the reason that claimant's employment had terminated at the time of the accident in question, and the injuries were not sustained in the course of employment.

Under the provisions of the "old" Workmen's Compensation Act, this rehearing record was the basis of the appeal to the Common Pleas Court and, on September 27, 1956, the case was tried to a jury. The jury returned a verdict for the defendant, denying the plaintiff any right to participate in the fund and, on October 9, 1956, the judgment entry was journalized. Also on that same date, the plaintiff filed two motions simultaneously; one was a motion for judgment non obstante veredicto, and the other a motion for a new trial. The court ruled on the motion for a new trial on January 30, 1958, and allowed the motion on the ground that the verdict is not sustained by sufficient evidence. It is from the order sustaining the motion for a new trial that the appeal on questions of law is filed in this court.

The first question presented is, whether or not the order appealed from is a final order reviewable by this court.

The record reveals that at the close of the plaintiff's case, and again at the close of all of the evidence, the defendant moved for a directed verdict, both of which were overruled, after which a verdict was returned in favor of the defendant and a judgment rendered on the verdict. Thereafter, a motion for a new trial was sustained. Now was the sustaining of a motion for a new trial a final order?

We find several cases wherein the identical question presented has been decided by our Supreme Court. In the case of **Murphy v. Pittsburgh Glass Company, 132 Oh St 68,** the court says at page 69:

"Where a trial court overrules a motion for a directed verdict, a verdict is returned for the party making such motion, and a motion for new trial is sustained by the trial court, the overruling of the motion for a directed verdict is a final order from which a review may be had. **Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx., 131 Oh St 405, 3 N. E. (2d), 355; Hubbuch v. City of Springfield, 131 Oh St 413, 3 N. E. (2d), 359; Hocking Valley Mining Co. v. Hunter, 130 Oh St 333, 199 N. E. 184,** and **Cincinnati Goodwill Industries v. Neuerman, 130 Oh St 334, 199 N. E. 178.**"

Also, in **Richards v. Industrial Commission, 163 Oh St 439,** we find a similar rule of law in Paragraph 1 of the syllabus:

"Where in the course of a trial the defendant appropriately moves for a directed verdict, which motion or motions are overruled, a verdict is returned for the defendant, and plaintiff's motion for a new trial is

sustained, there emerges from such sequence of events a final appealable order, i. e., the overruling of the defendant's motion or motions for a directed verdict."

We, therefore, conclude that the order sustaining the motion for a new trial is final and appealable.

In considering the errors assigned, it is first urged that the court erred in passing upon the motion for a new trial without first passing upon the plaintiff's motion for a judgment non obstante veredicto.

We are of the opinion that the latter should have been passed upon by the trial court prior to ruling upon the motion for a new trial. **Donlin v. Industrial Commission, 166 Oh St 27.** However, in passing upon the motion for a new trial, it appears that the rights of all the parties were fully protected and no prejudicial error may be urged by this defendant.

Since the basis for the new trial was that the verdict "is not sustained by the evidence," the court would have been without jurisdiction to have granted a motion for a judgment non obstante veredicto.

As stated in **30 O. Jur., page 108, Section 69,**

"After a verdict which is not sustained by sufficient evidence has been rendered the only remedy in the trial court is a new trial; that court has no power to give judgment non obstante veredicto on the ground that the verdict is against the evidence."

We find this assignment of error is not well taken.

It is next contended that the trial court erred in granting the motion for a new trial on the grounds of insufficient evidence when the new trial must be had upon the same evidence, citing §4123.51 R. C. (formerly §1465-90 GC). We concede that the new trial will be upon the same record that was used in the first trial, but the jury may not arrive at the same factual conclusion.

The finding of the court may not be said to be tantamount to a sustaining of the motion for a directed verdict for the reason that different tests apply to the directing of a verdict than apply to the granting of a motion for a new trial. A new trial may be granted when the verdict is against the weight of the evidence or not sustained by sufficient evidence, but the test for directing a verdict is whether reasonable minds could come to but one conclusion.

The syllabus in **Hamden Lodge v. Ohio Fuel Gas Company, 127 Oh St 469,** clearly expresses the law which is applicable:

"3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.

"4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

On the other hand, the court has a broad discretion in the granting of a motion for a new trial. It is said in **30 O. Jur. 35, Section 6:**

"Many Ohio authorities are to be found which state that an application or a motion for a new trial is addressed to the sound discretion of the trial court, and, unless founded upon some supposed error of the court, will be granted or refused as the justice of the case may seem to require; the granting or denial of such a motion will not be disturbed on review, unless there has been a plain and clear abuse of judicial discretion. Nevertheless, the court must proceed upon legal principles in its action."

For the purpose of passing upon the weight of the evidence, we have carefully examined the entire record and are of the opinion that reasonable minds might come to different conclusions in determining whether or not the plaintiff was engaged in his regular course of employment at the time of the injury. The question therefore became one for the jury.

We find no prejudicial error in the record, and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.